```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| ERNEST CALVINO JR., <br><br> Plaintiff, <br><br> -against- <br><br> UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK, <br><br> Defendant. | 20-CV-0469 (CM) <br><br> ORDER OF DISMISSAL |

COLLEEN MCMAHON, Chief United States District Judge:

Plaintiff Ernest Calvino Jr. brings this action alleging that Defendant violated his rights. By order dated January 21, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court dismisses the complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*,

550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

**BACKGROUND**

Plaintiff drafted this complaint using the general complaint form provided by this Court. Plaintiff does not check the boxes on the form to invoke the Court's federal question or diversity of citizenship jurisdiction, but he writes the following (in the section in which he is asked to state which of his federal constitutional or federal statutory rights have been violated): "extend appelend [sic] time limite [sic] because of conspiracy of obstruction of my legal and constitutional rights by unknow[n] computer scamers [sic][.]" (ECF No. 2 at 2.)[1] Where asked to list the place(s) of occurrence, and where asked to state the date(s) of occurrence, he leaves those sections blank. (*Id.* at 5.)

Plaintiff alleges the following:

I been ilegaly [sic] on my unknow[n] people in electronic. The people publish all the sensitive information about me, related information about legal document and other information. I don't have privacy at all. This people had steal every from me with hided spy devices[,] audio and video. This people monitor me every day and every where I go. This people had corrupted other people to obstruct my legal and constitutional rights. This people follow me every where to see the thing I am doing during the day. The [sic] had avoided me to have honest services in places like courts, hospital, shelters and other[.] They don't get tared [sic] of Destroing [sic] me avoiding to gain privacy[.]

(*Id.*)

---

[1] Page numbers refer to those generated by the Court's electronic case filing system.

**DISCUSSION**

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses this action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

**LITIGATION HISTORY**

Plaintiff has filed 68 actions in this Court from December 17, 2019, through January 17, 2020. More than thirty of these actions have been dismissed as frivolous, and Plaintiff has been warned that further vexatious or frivolous litigation in this Court will result in an order under 28 U.S.C. § 1651 barring him from filing new actions IFP unless he receives prior permission. *See, e.g., Calvino v. Armany,* ECF 1:20-CV-0387, 3 (S.D.N.Y. Jan. 17, 2020)*; Calvino v. Hadid*, ECF 1:20-CV-0138, 4 (S.D.N.Y. Jan. 9, 2020); *Calvino v. Little Wane Father*, ECF 1:20-CV-0134, 4 (S.D.N.Y. Jan. 9, 2020); *Calvino v. Sanchez*, ECF 1:20-CV-0065, 4 (S.D.N.Y. Jan. 9, 2020); *Calvino v. Sportefy Inc.*, ECF 1:19-CV-11956, 4 (S.D.N.Y. Jan. 9, 2020); *Calvino v. Cirino*, ECF 1:19-CV-11953, 4 (S.D.N.Y. Jan. 7, 2020); *Calvino v All the women that sue me Int'l and Nat'l*, ECF 1:19-CV-11914, 4 (S.D.N.Y. Jan. 7, 2020); *Calvino v. Salad*, ECF 1:19-CV-11827, 4 (S.D.N.Y. Jan. 7, 2020); *Calvino v. Trainor*, ECF 1:19-CV-11668, 4 (S.D.N.Y. Jan. 7, 2020); *Calvino v. Jones*, ECF 1:19-CV-11601, 3 (S.D.N.Y. Dec. 23, 2019); *Calvino v. Internal Affe*, ECF

1:19-CV-11611, 3 (S.D.N.Y. Dec. 23, 2019); *Calvino v. Anneka C.*, ECF 1:19-CV-11610, 3 (S.D.N.Y. Dec. 23, 2019).

By order dated January 10, 2020, the Court directed Plaintiff to show cause in writing why he should not be barred as of January 10, 2020, from filing any further IFP actions in this Court without first obtaining this Court's permission. *See Calvino v. Fauto L.*, ECF 1:19-CV-11958, 4 (Jan. 10, 2020).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff remains warned that further vexatious or frivolous litigation in this Court will result in an order under 28 U.S.C. § 1651 barring him from filing new actions IFP unless he receives prior permission.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: January 22, 2020
       New York, New York

                                       COLLEEN McMAHON
                                Chief United States District Judge